USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PENNY HART,

    Plaintiff/Counterclaim Defendant,

- v -

THE TRI-STATE CONSUMER, INC.,
WT HOLDINGS, INC.,

    Defendants/Counterclaim Plaintiffs,

CHARLES SLATERY,

    Defendant.

---

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE
ORDER

Civil Action No.: 1:21-cv-1738

*Hon. Valerie E. Caproni, Presiding*

WHEREAS, all the parties to this action (collectively, the "Parties," and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.       With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.       The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential material that it reasonably and in good faith believes: (a) comprises or contains information constituting or relating to sensitive business, financial, or commercial information that is not publicly available, (b) that reveals trade secrets, (c) that provides a commercial advantage to its possessor, (d) that contains sensitive or personally identifiable information of a natural person, (e) that contains personnel or employment records of a person who is not a party to the case, and/or (f) that the disclosure of which to persons other than those set forth in Paragraph 8 below would create a risk of harm that could not be avoided by less restrictive means, and may include, without limitation:

  (a)   previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  (b)   previously non-disclosed material relating to ownership or control of any non-public company;

  (c)   previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information this Court subsequently affords confidential status.

3. A Producing Party may designate as "Attorneys' Eyes Only" Discovery Material that it reasonably and in good faith believes comprises or contains information that is highly confidential or highly sensitive, including but not limited to: (a) current or future business strategies or other strategic planning information; (b) technical information, pricing and revenue information and other sensitive financial data or business information, including proprietary authentication practices; (c) research and development information; (d) information that reveals trade secrets; (e) customer information including lists of customers; (f) consignor information including lists of consignors; or (g) proprietary software, systems, or processes, the disclosure of which to persons other than those set forth in Paragraph 9 below the Producing Party reasonably and in good faith believes would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4. With respect to Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking it as "Confidential" or "Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) stating on the record during the deposition that a question calls for, or an answer contains, Confidential or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated

testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" and/or "Attorneys' Eyes Only Information Governed by Protective Order," respectively; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes Only," respectively, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Attorneys' Eyes Only.

6. If, at any time before the trial of this action, a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only any Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing (by certified mail and e-mail). Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Attorneys' Eyes Only, respectively.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

    (a) outside counsel of the Parties retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (b) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (d) as to any document, its author, its addressee, and any other person who lawfully received a copy of such document other than through discovery in the context of this lawsuit;

    (e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person is not a competitor of the other Party and has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f) stenographers engaged to transcribe depositions the Parties conduct in this action;

> (g) this Court, including any appellate court, its support personnel, and court reporters; and
>
> (h) any other person agreed to in writing by the Parties or ordered by the Court.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(c), or 9(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. In accordance with Rule 5 of this Court's Individual Practices, any party filing documents under seal must simultaneously "file a letter motion requesting permission from the Court to do so. The letter must explain why sealing is appropriate in light of the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

12. The Court also retains discretion whether to afford confidential treatment to any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material

("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Producing Party shall advise in writing, not later than seven (7) days after the date of the objecting Party's written notice, whether it withdraws or maintains the objected-to designation. Thereafter, if the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(B) of this Court's Individual Practices.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose

compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Confidential Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

19. If a Producing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days of such claim, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as grounds for entering such an Order the fact or circumstances of the inadvertent production.

22. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

24. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: March 23, 2022

DUKE HOLZMAN PHOTIADIS
& GRESENS LLP

*(signature)*

Christopher M. Berloth, Esq.
Steven W. Klutkowski, Esq.
Robert C. Carbone, Esq.
Thomas D. Lyons, Esq.
*Attorneys for Plaintiff*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Telephone: (716) 855-1111
Email: cberloth@dhpglaw.com
  sklutkowski@dhpglaw.com
  rcarbone@dhpglaw.com
  tlyons@dhpglaw.com

Dated:   March 23, 2022

SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP

*(signature)*

Robert S. Friedman, Esq.
Joshua I. Schlenger, Esq.
Kaitlyn Zacharias, Esq.
*Attorneys for Defendants*
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Email: rfriedman@sheppardmullin.com
  jschlenger@sheppardmullin.com
  kzacharias@sheppardmullin.com

SO ORDERED:

*(signature)*   3/23/2022
Hon. Valerie E. Caproni

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

PENNY HART,

    Plaintiff/Counterclaim Defendant,

- v -

THE TRI-STATE CONSUMER, INC.,
WT HOLDINGS, INC.,

    Defendants/Counterclaim Plaintiffs,

CHARLES SLATERY,

    Defendant.

_____

NON-DISCLOSURE AGREEMENT

Civil Action No.: 1:21-cv-1738

*Hon. Valerie E. Caproni, Presiding*

    I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") in this action governing the non-disclosure of Discovery Material that has been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Address:
Date: